**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Cr. No. H-20-cr-577** |
| **JUAN JUAREZ PACHECO** | |

### MEMORANDUM IN SUPPORT OF BOND REQUEST

Mr. Juan Juarez Pacheco is 21 years old and was brought to this country when he was two years old. He has lived here the vast majority of his life. He attended Aldine High School in Houston, Texas and completed the 10th grade there.[1] His parents and siblings all live in the United States, and all three of his siblings are U.S. citizens. Mr. Juarez Pacheco was previously a DACA recipient, and he has a current application for a derivative U-visa pending.[2] More than just his immediate family, his wider community, such as the church where he had first communion, is in Houston.[3] He speaks, reads, and writes English fluently.

Mr. Juarez Pacheco is also currently recovering from an injury he sustained when he was biking and was hit by a truck in May 2020.[4] The driver left the scene, a street near Mr. Juarez Pacheco's home, and left Mr. Juarez Pacheco in need of

---

[1] Defense Exhibit 1.
[2] Defense Exhibit 2.
[3] Defense Exhibit 3.
[4] Defense Exhibit 4 (informing his medical care provider that his injury occurred because he "got hit while I was riding a bike.")

serious, long-term medical care for a hip fracture as well as other leg issues.[5] He has had two leg surgeries since the hit-and-run, and still has ongoing physical therapy needs if he is going to recover full use of his leg. His most recent surgery was on July 30th, 2020.[6]

The government can present no evidence that Mr. Juarez Pacheco intends to flee, nor that he could, and it certainly cannot overcome the overwhelming evidence of his ties to this community.  As this Court knows, the Bail Reform Act presumes that Mr. Juarez Pacheco should be released on personal recognizance subject to a condition that he must not commit any crimes while on bond.  18 U.S.C. § 3142(b). The government cannot meet its burden to overcome that presumption, because the vast weight of the evidence shows that Mr. Juarez Pacheco wants to remain in this community where he has been raised and where he is receiving necessary medical treatment.

The government might refer to the immigration detainer in its argument for detention, but "the risk of flight with which Congress was concerned [in the Bail Reform Act] was not a flight flown or paid for by a federal government agency." *United States v. Barrera-Omana*, 638 F.Supp.2d 1108, 1111 (D. Minn. 2009). Under the Bail Reform Act, 18 U.S.C. § 3142, a risk of flight only exists if there is

---

[5]

[6] Defense Exhibit 6.

an element of volition, of an intent to run. *Id.*; *see also United States v. Montoya-Vasquez*, 2009 WL 103596 (D. Neb. 2009). If the government, through ICE or any other agency, prevents a defendant from appearing before this Court, the defendant has not "failed to appear." *Id.*; *see also* 18 U.S.C. § 3146(c) (if the defendant failed to appear because of uncontrollable circumstances he did not create, he has not failed to appear under the Bail Reform Act).

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). The Bail Reform offers only narrow, limited exceptions to that presumption, and the government only alleges one here: flight risk. The government is moving for detention under 18 U.S.C. § 3142(f)(2)(A), which requires the government to prove a "serious risk that such person will flee." But "flee," as it is used there, does not include the risk of involuntary detention or removal by immigration authorities.

The ordinary meaning of "flee" implies willful, volitional action. Black's Law Dictionary (11th ed. 2019) defines "flee" as: "To run away; to hasten off . . . To run away or escape from danger, pursuit, or unpleasantness; to try to evade a problem . . . To vanish; to cease to be visible . . . To abandon or forsake." Webster's Third New International Dictionary (1976) defines "flee" as "to run away from." The United States Attorney's Office that here moves for detention is part of the same Executive Branch that lodged the immigration detainer and seeks to deport Mr.

Juarez Pacheco. The government cannot assert that its own efforts to keep Mr. Juarez Pacheco out of this court are his efforts to "flee" prosecution.  There is no evidence that Mr. Juarez Pacheco intends to flee, and he should be released on bond despite the immigration detainer.

In fact, federal courts routinely grant release to undocumented aliens despite immigration detainers.  *See* Order Setting Conditions of Release as to Gabriela Martinez-Guevara, *United States v. Martinez-Guevara*, No. 4:20-mj-01751, ECF No. 5 (S.D. Tex. Sept. 29, 2020); Order, *United States v. Juarez-Vasquez*, No. 4:20-mj-489, ECF No. 8 (S.D. Tex. Mar. 16, 2020); Order of release, *United States v. Gramajo-Reyes*, No. 4:19-cr-687 (Doc. No. 29) (S.D. Tex. Oct. 23, 2019) (J. Bennett) (attached as Defense Exhibit 2); Order, *United States v. Valladares*, No. 1:17-cr-156-SS, ECF No. 23 (W.D. Tex. Sept. 14, 2018) (attached as Defense Exhibit 3) (affirmed by the District Court, *see* ECF No. 33); *see also United States v. Ailon-Ailon*, 875 F.3d 1334 (10th Cir. 2017); *United States v. Castro-Inzunza*, 2012 WL 6622075 (9th Cir. July 23, 2012); *United States v. Espinoza-Ochoa*, 371 F. Supp. 3d 1018 (M.D. Ala. 2019); *United States v. Argueta-Espinoza*, 2018 WL 4492226 (D. Neb. Sept. 19, 2018); *United States v. Boutin*, 269 F. Supp. 3d 24 (E.D. N.Y. 2017); *United States v. Ventura*, 2017 WL 5129012 (E.D. N.Y. 2017); *United States v. Lizardi-Maldonado*, 275 F. Supp. 3d 1284 (D. Utah 2017); *United States v. Hernandez-Bourdier*, 2017 WL 56033 (W.D. Pa. Jan. 5, 2017); *United States v.*

*Resendiz-Guevara*, 145 F. Supp. 3d 1128 (M.D. Fla. 2015); *United States v. Clemente-Rojo*, 2014 WL 1400690 (D. Kan. Apr. 10, 2014); *United States v. Blas*, 2013 WL 5317228 (S.D. Ala. Sept. 20, 2013); *United States v. Trujillo-Alvarez*, 900 F. Supp. 2d 1167 (D. Or. 2012); *United States v. Jocol-Alfaro*, 840 F. Supp. 2d 1116 (N.D. Iowa 2011); *United States v. Martinez-Patino*, 2011 WL 902466 (N.D. Ill. Mar. 14, 2011); *United States v. Villanueva-Martinez*, 707 F. Supp. 2d 855 (N.D. Iowa 2010); *United States v. Barrera-Omana*, 638 F. Supp. 2d 1108 (D. Minn. 2009); *United States v. Montoya-Vasquez*, 2009 WL 103596 (D. Neb. Jan. 13, 2009); *United States v. Chavez-Rivas*, 536 F. Supp. 2d 962 (E.D. Wis. 2008); *United States v. Hernandez*, 747 F. Supp. 846 (D. P.R. 1990); *cf. United States v. Brown*, 2017 WL 3310689 (D. N.D. July 31, 2017) (rejecting the government argument that an ICE detainer alone is enough to detain the defendant, but granting detention given case-specific facts).

Mr. Juarez-Pacheco has deep ties to this community, it is where he has grown up and where his entire immediate family lives. He is also recovering from a severe injury due to a hit and run that has caused severe damage to his hip and leg. There is no flight risk, and Mr. Juarez Pacheco's ties to his family and his need for ongoing medical treatment ensure that he will remain in Houston. The government cannot meet its burden.

For all these reasons, Mr. Juarez Pacheco submits that this Court should release him and deny the government's motion for detention.

Respectfully submitted,

MARJORIE A. MEYERS
Federal Public Defender
Southern District of Texas No. 3233
Texas State Bar No. 14003750

By: /s/ Heather Hughes
HEATHER HUGHES
Assistant Federal Public Defender
Southern District of Texas No. 3473328
Texas State Bar No. 24116543
440 Louisiana, Suite 1350
Houston, Texas 77002
     Telephone: 713.718.4600
     Fax:        713.718.4610

## CERTIFICATE OF SERVICE

I certify that on December 11, 2020, a copy of the foregoing was served by Notification of Electronic Filing and will be delivered by email to the office of Assistant United States Attorney Christine Lu.

/s/ Heather Hughes
HEATHER HUGHES